MEMORANDUM **
Michael W. Briseno appeals the district court’s denial of his 28 U.S.C. § 2254 habeas corpus petition asserting ineffective assistance of counsel. The parties are familiar with the facts. We do not repeat them except as necessary to understand this disposition. We have jurisdiction pursuant to 28 U.S.C. § 2253. Under AEDPA, we may grant a writ of habeas corpus only if petitioner shows that the state court proceeding resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d).
To prevail on a claim of ineffective assistance of counsel, the defendant must show that counsel’s representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). “A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Id. at 694, 104 S.Ct. 2052.
An attorney must take “reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client” Cal. Rules of Prof 1 Conduct, Rule 3-700(A)(2). Here, counsel failed to meet that standard when he advised Briseno to file a pro se notice of appeal on only the issue of Briseno’s “draconian sentence” before discontinuing representation.
Briseno contends that his counsel was ineffective because he failed to obtain a certificate of probable cause from the trial judge on two issues, thus precluding an appeal on those issues. Trial counsel did file a notice of appeal on the basis that the sentence given was “draconian,” which did not require a certificate of probable cause. Briseno had been convicted of 32 counts of child molestation involving four separate victims.
The first issue on which a certificate of probable cause was not obtained was Briseno’s competency to stand trial and thus his competency to plead guilty. His counsel had continually maintained that Briseno was not competent and requested a competency hearing. The trial judge relied on a doctor’s examination of a year earlier and the judge’s personal observations in declining to hold a hearing.
The second issue on which the attorney did not request a certificate of probable cause precluding appeal on that issue was the failure of the trial judge to inform Briseno of the mandatory minimum of 15 *4 years on each of the charges. We discuss each of these issues.
With regard to the first issue, we hold that even assuming without deciding that counsel was ineffective for failing to obtain a certificate of probable cause with respect to the competency hearing, Briseno was not prejudiced. Here the judge did not express doubt as to Briseno’s competency. Nor did Briseno put forth substantial evidence of his incompetence. There was not a reasonable possibility of success on appeal. The district court’s rejection of this claim is affirmed.
With regard to the second issue, it was ineffective assistance of counsel not to request a certifícate of probable cause on the issue of the failure of the court or counsel to advise Briseno that there was a mandatory minimum sentence of 15 years on the 32 counts to which he entered a plea of guilty. There were four separate victims of the child molestation so he would certainly be given mandatory minimum sentences for each victim and they would likely be consecutive for a total of 60 years. The other mandatory sentence could be consecutive mandatory minimum sentences in the discretion of the judge. Briseno expected a sentence of about 10 years, believing that the judge would be lenient based on his interpretation of the judge’s statements. The judge actually sentenced him to 14 consecutive terms of the 15-year mandatory minimum for a total of 210 years to life (plus a consecutive 9 years and 4 months).
Counsel did not assist Briseno in understanding the actual consequences of pleading guilty. See Brady v. United States, 397 U.S. 742, 755, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970) (for a plea of guilty to stand, a defendant must be “fully aware of [its] direct consequences”). Guilty pleas must be “voluntarily and intelligently made by competent defendants with adequate advice of counsel.” Id. at 758, 90 S.Ct. 1463; see also Libretti v. United States, 516 U.S. 29, 50, 116 S.Ct. 356, 133 L.Ed.2d 271 (1995) (“[I]t is the responsibility of defense counsel to inform a defendant of the advantages and disadvantages of a plea agreement....”). Further, a guilty plea is unconstitutional if the defendant was “so gripped by ... hope[s] of leniency that he did not or could not, with the help of counsel, rationally weigh the advantages of going to trial against the advantages of pleading guilty.” Brady, 397 U.S. at 750, 90 S.Ct. 1463. Although Briseno informed the trial court that he did not want to have a jury trial, this statement should be read in the context of his obviously mistaken hopes that if he pled guilty, he would receive a lenient sentence. Counsel did not correct this or inform Briseno of the minimum amount of time he would have to serve if pleading guilty or the possibility that his sentences would have to be served consecutively. Common sense dictates that Briseno would not have turned down an offer of thirty to thirty-five years in prison if he was aware that by pleading guilty, he would face a sentence that was tantamount to' life in prison.
Briseno was never told by his attorney (or by the judge) about the mandatory minimum, and this actually constituted the basis for the 210 year sentence. It was ineffective assistance of counsel not to seek a certificate of probable cause on the failure to advise about the mandatory minimum. Briseno was thus deprived of the opportunity to appeal this issue on direct appeal in the state court. There was a reasonable chance he would be successful on appeal and his conviction on the plea of guilty would be reversed.
We affirm in part and reverse in part the judgment of the district court. We remand with instructions to grant the writ *5 of habeas corpus on the issue reversed and order the defendant released unless he is afforded an opportunity to appeal that conviction within a reasonable time. Each party shall bear their own costs.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.